**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BHUPINDER PAL SINGH; HARJINDER KAUR, | No. 13-71168 |
| Petitioners, | Agency Nos.    A088-491-069<br>A088-491-070 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Bhupinder Pal Singh and Harjinder Kaur, natives and citizens of India,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Hu v. Holder*, 652 F.3d 1011, 1016 (9th Cir. 2011). We grant the petition for review and remand.

Singh stated police in India arrested and mistreated him, falsely accused him of having links with militants, told him to stop supporting the Lok Bhalai party, and told him to stop speaking against the Shiromani Akali Dal Badal party. The agency concluded petitioners failed to meet their burden of proof for asylum and withholding of removal because Singh's testimony was not clear as to the reason why police arrested him, and the background did not support Singh's claim. The record does not support the agency's conclusion. *See id.* at 1019-20 (agency's conclusion that officials mistreated petitioner because of legitimate prosecution was not supported by substantial evidence, and record compelled finding that petitioner satisfied the nexus requirement); *Chand v. INS*, 222 F.3d 1066, 1077 (9th Cir. 2000) ("we have never assumed that all potentially relevant incidents of persecution in a country are collected in the State Department's documentation").

Further, it is not clear if the agency considered all relevant evidence in analyzing Singh's CAT claim, including his past mistreatment by police. *See Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010).

Thus, we grant the petition for review and remand this case to the agency for

13-71168

further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S.

12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**